IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JAZMIN NINA YBARRA**  §  <br> Plaintiff,  § <br> § <br> V.  § <br> § **CAUSE OF ACTION:** <br> § <br> § 1:22-cv-00159 <br> § <br> **MARCUS REED, individually** § <br> **and in his former Capacity and THE** § <br> **CITY OF AUSTIN** § <br> Defendants  § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

NOW COMES Plaintiff, Jazmin Nina Ybarra, hereinafter referred to as "**Plaintiff**" and files this lawsuit against Defendant MARCUS REED, hereinafter referred to as **"Defendant Reed"** AND THE CITY OF AUSTIN, hereinafter referred to as **"Defendant CITY"** and would show the Court and Jury the following in support thereof:

## I.   PARTIES

1. Plaintiff, Jazmin Nina Ybarra, is a citizen of United States and resides in Austin, Travis County, Texas.

2. Defendant Marcus Reed was employed by the City of Austin Fire Department as an Arson Investigator. He is being sued in his individual capacity and his former professional capacity as an Arson Investigator for the Austin Fire Department ("AFD").

Defendant Reed was an employee of the AFD and in engaging the acts alleged herein, was utilizing his position to commit the offenses against Plaintiff. Defendant Reed may be served at his residence located at 1160 La Conterra Boulevard Georgetown, Texas78626. *Service is hereby requested at this time.*

3.  Defendant, The City of Austin is a municipality organized under the laws of The State of Texas and operates the Austin Fire Department ("AFD") and operating within its geographical boundaries located in Travis County as authorized by its Charter. Defendant City may be served through the City Manager, Spencer Cronk, City Hall, 301 W. 2nd Street, 3rd Floor, Austin, Texas 78701. *Service is hereby requested at this time.*

## II.   JURISDICTION AND VENUE

4.  The action arises under 28 U.S.C. Section 1331 and 1343 (3) and statutory provisions as hereinafter more fully appears.

5.  This Court has supplemental jurisdiction over state law claims as discussed below under 28 U.S.C. Section 1967 (a) because they arise out of the same case or controversy.

6.  Venue of this cause is proper in the Western District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events, acts or omissions giving rise to Plaintiff's claims occurred within the Austin, Travis County, Texas, venue in the Austin Division of the Western District of Texas.

7.  This court has general personal jurisdiction over Defendant Reed as he resides in the Western District of Texas, and over the City of Austin, as it is a Texas Municipality in the Western District of Texas.

8.  This Court has specific *in personam* jurisdiction over all Defendants because this

cause arises out of conduct which caused personal injuries and damages to Plaintiff and all events occurred within the jurisdictional limits of Austin, Travis County, Texas, within the Austin Division of the Western District of Texas.

### III.   NATURE OF ACTION

9. As this case is brought pursuant to 42 U.S.C. §1983, as amended by the Civil Rights Act of 1991 and the Fourth Amendment Rights against unreasonable search and seizures. Plaintiff also sues under the Texas Constitution. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (a)(3).

### IV.   FACTUAL BACKGROUND

10. On the 2nd day of March 2017, Defendant Reed, illuminated his emergency lights of an official Austin Fire Department vehicle because there was a stalled vehicle obstructing the roadway. Plaintiff was behind the wheel of the stalled vehicle when Defendant Reed approached the vehicle. As he made verbal engagement with Plaintiff by asking her name, he began acting under the color of his authority as a Licensed Arson Investigator. In the course and scope of his duties, Defendant Reed was dressed in uniform replete with AFD insignia. At that time, Defendant Reed was employed by the City of Austin Fire Department. After the stalled vehicle was cleared from the main roadway, Defendant Reed proceeded course under pretext to lead Plaintiff away from the scene for further investigation. Defendant Reed directed Plaintiff to get in his vehicle to go search for a person in connection with her stalled vehicle to gather more details regarding that incident. After finding a secluded

location near 4401 Freidrich Lane in Austin, Travis County, Texas, Defendant Reed said he needed Plaintiff to do something to make him "relax." Defendant Reed intentionally exposed his sexual organs and commanded Plaintiff to perform fellatio. Defendant Reed than began to command Plaintiff to turn around and sexually assaulted Plaintiff by inserting his sexual organ in her vaginally until he ejaculated against her desires. This incident occurred in Austin, Travis County, Texas non-concomitant to his official duties.

11. Defendant Reed acted with deception as his acts were initially guised as the necessity to further investigate utilizing his position and acting under the color of authority. Defendant Reed illegally detained and falsely imprisoned Plaintiff by deception. In course of the illegal detention and false imprisonment, Defendant Reed changed his originally stated intent and sexually assaulted Plaintiff against her will. All contact made by Defendant Reed was not wanted or desired by Plaintiff. Plaintiff unwilfully complied out of fear and threat of further loss of liberty. Defendant Reed in repetition reminded Plaintiff that she "was in trouble" because she was on Pretrial release. Defendant Reed further emphasized that Plaintiff needed his help if she knew what was good for her. These statements were utilized to intimidate and force Plaintiff into compliance with his subsequent directives to enter his city vehicle. Defendant Reed acted for nefariously deceptive purposes and in affect to sexually gratify his desires.

12. For his actions while acting under the color of his authority Plaintiff's Civil Rights lawsuit seeks compensatory, exemplary, and punitive damages against Defendant Reed.

13. Defendant City had written policies, procedures, and practices in place. Defendant City did not exact or apply said policies to Defendant Reed to ensure the safety and welfare of Plaintiff. Defendant City knew or should have known based on prior allegations made against Defendant Reed that there was a rationale basis to discipline him, up to and including the termination. Defendant Reed's Versadex search history through indexes of other women who came forward shows a propensity for this type of predatory and exploitive behavior. These women were investigated but their accounts were dismissed internally by investigators of Defendant City. Defendant Reed utilized the investigative tools at hand to search Versadex records to contact alleged victims thereby engaging in predatory behaviors that should have been known by Defendant City. Prior to the incident made the subject of this complaint, Defendant Reed's Versadex search history included women unrelated to or no connection with legitimate matters related to his employment. These inquiries were well beyond the investigative scope of Defendant Reed's employment as an Arson Investigator.

14. Plaintiff complains that Defendant City's failure to properly investigate, provide adequate training, counseling and/or take corrective and disciplinary actions against Defendant Reed resulted in the injuries to her person. Defendant City's failure was the proximate cause of subsequent and sequential damages to Plaintiff. Ultimately and eventually Defendant was relieved of his official duties and capacity with the Austin Fire Department due in part for the allegations made the subject of this suit.

15. Plaintiff's Civil Rights lawsuit seeks compensatory damages against Defendant City for failure to protect her from the acts of Defendant Reed.

16. Furthermore and as previously described, that on or about the 2nd day of March

2017 in the County of Travis and State of Texas, while a public servant, to wit: an Arson Investigator employed by the City of Austin Fire Department, acting under color of his office or employment did then and there with intent to harm Plaintiff, by intentionally and knowingly violating the laws of the State of Texas acting contrary to the defendant's office or employment as a public servant, namely the Fourth Amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution, by unlawfully detaining Plaintiff and sexually assaulting her by penetrating her sexual organ – **Sexual Assault – Texas Penal Code Section 22.011.**

17. And if is further presented that Defendant Reed, on or about the 2nd day of March 2017, in the County of Travis and State of Texas, while a public servant: to wit: an Arson Investigator employed by the Austin Fire Department, acting under color of his office or employment did then and there with intent to harm Plaintiff, by intentionally and knowingly violating the law relating to his office or employment as a public servant.

18. Arising out of the conduct made the subject of this complaint, Defendant Reed was convicted of AGGRAVATED PERJURY- A Third Degree Felony on September 29, 2019, before the 167th Judicial District Court in Austin, Travis County, Texas. He subsequently filed a Notice of Appeal, but it was abated and remanded to the original trial court. Defendant Reed plead to one (1) year in jail and entered Travis County Correctional Complex on July 20, 2021 and was released on November 12, 2021.

19. Arising out of the conduct made the subject of this complaint, Defendant Reed entered a Plea of guilty by judicial confession to ATTEMPTED SEXUAL ASSAULT- A Third Degree Felony on January 28, 2022.

## V. NOTICE & CONDITIONS PRECEDENT

20. Plaintiff gave Defendants notice as required by Article XII Section 3 of the City of Austin Charter and by Texas Civil Practice & Remedies Code section 101.101(a). All conditions precedent have been performed or have occurred.

## VI. LIMITATIONS OF PERSONAL ACTIONS

21. Plaintiff proceeds course under the following provision of the Texas Civil Remedies and Practice Code, Title 2 Subtitle B - Chapter 16 Section 6 (b)(1).  *A person must bring suit for personal injury not later than five years after the date the cause of action accrues if the injury arises as a result of conduct that violates:*

(1) **Section 22.011, Texas Penal Code** (Sexual Assault) as described therein.

## VII. FEDERAL CAUSES OF ACTION

### A. 42 U.S.C.§ 1983: SEXUAL MISCONDUCT AGAINST DEFENDANT MARCUS REED

22. a. Plaintiff incorporated by reference all the foregoing and further alleges as follows:

    b. Defendant Reed was acting under color of law as an employee of the City of Austin as an Arson Investigator with the Austin Fire Department and in the course and scope of his employment for purposes of the subject of this claim.

    c. Defendant Reed's abused his authority by making unwanted sexual contact and advances to Plaintiff by utilizing deception as he proceeded his course of sexual acts against Plaintiff while employed by Defendant City.

    d.  As a direct and proximate cause of Defendant Reed's conduct, Plaintiff suffered injuries to her physical person, mental and emotional distress from being Sexually Assaulted by Defendant Reed.

    e.  Plaintiff did not consent to or condone the misconduct of Defendant Reed.

    f.  If not for the failures and misconduct of Defendants, as alleged in this Original Complaint, Plaintiff would not have suffered physical harm, serious and severe emotional distress, anxiety, depression, humiliation, shame, loss of sleep, fear and rage all to her including general damages, in an amount to be proven at the time of trial.

    g.  In committing the acts as alleged herein, Defendant Reed acted with the intent to harm Plaintiff or with a conscious disregard for Plaintiff's rights and thus acted with malice, fraud or oppression, entitling Plaintiff to an award of punitive damages in an amount to be proven at the time of trial.

    h.  Defendant Reed's conduct deprived Plaintiff of her right to equal protection under the law and to due process of law, her right to be free from unreasonable and unconscionable acts, and other rights guaranteed under the United States and Texas Constitutions, as well as statutory and common law rights as more specifically set forth herein.

### B.  42 U.S.C. § 1983 CLAIM AGAINST THE CITY OF AUSTIN

23.    a.  Plaintiff incorporates by reference all the foregoing and further alleges as follows:

Defendant Reed was acting under color of law as an employee of the City of

   Austin by the Austin Fire Department as an Arson Investigator when he violated the constitutional rights of Plaintiff clearly violating the laws of this State.

   b. Plaintiff's rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution were violated by the conduct of Defendant Reed. Accordingly, the City of Austin is liable under 42 U.S.C. §1983 to Plaintiff for her damages as Defendant Reed was an agent acting to the benefit of Defendant City against the interest of Plaintiff.

   c. Moreover, AFD policymakers and unknown supervisors were responsible for supervising and monitoring Defendant Reed and Defendant City officials regarding the nature of this complaint and prior complaints.

## VIII.   CLAIM FOR DAMAGES

24. Defendant Reed's actions deprived Plaintiff of her civil rights under the United States Constitution and under federal law. Moreover, these acts and omission of Defendant, their agents, employees, and/or representatives, proximately caused the injuries and damages to Plaintiff. Accordingly, Plaintiff asserts claims under 42 U.S.C. § 1983 caused and continue to cause Plaintiff has incurred damages including but not limited to:

   a. Physical pain and suffering in the past;
   b. Mental anguish in the past;
   c. Mental anguish in the future;
   d. Anxiety in the past;
   e. Anxiety in the future;
   f. Emotional distress in the past;
   g. Emotional distress in the future;
   h. Loss of earning in the past;
   i. Loss of earning capacity which will, in all probability, be incurred in the future;

j. Counseling fees in the past;
k. Counseling fees in the future.

### IX. EXEMPLARY DAMAGES

25. Plaintiff would further show that the acts and omissions of Defendant Reed was committed with malice and reckless indifference to the protected rights of Plaintiff. To punish Defendant Reed, Plaintiff also seeks recovery from Defendant Reed for exemplary damages.

### X. ATTORNEY'S FEES

26. As it was necessary for Plaintiff to hire the undersigned attorney to file this lawsuit, Plaintiff is entitled to an award of attorney's fees and costs, including but not limited to expert witness fees, under **42 U.S.C. §1983(b) of the Federal Civil Rights Act,** they are entitled to recover their reasonable and necessary fees incurred for the attorney of record, and the reasonable and necessary expenses incurred in the pursuit of this claim. Plaintiff is entitled to award of attorney's fees and costs including, but not limited to, expert witness fees pursuant to **42 U.S.C. § 1988 (b) of the Federal Civil Rights Act** when they prevail.

### XI. PRESERVATION OF EVIDENCE

27. Plaintiff request and demands that all Defendants in this case retain, preserve, and protect from loss, damage, discard, or destruction all physical, written or electronic items that are, or may be, evidence of the incident above described, which may form the basis of this Complaint including, but not limited to video, recorded statements, transcripts of trial proceedings, photographs, email, digital media, text messages, or

personal or official notes made by the Officers or the City of Austin including all information in criminal case related matters of Defendant Reed.

### XII.    PRAYER

28.     Plaintiff hereby asks that judgment be awarded against Defendants Marcus Reed and the City of Austin cited and answer and that Plaintiff be awarded judgment against

a) Defendants for actual and compensatory damages;
b) Punitive and exemplary damages as to Defendant Marcus Reed;
c) Attorneys' fees, including reasonable and necessary expenses including expert fees, under 42 U.S.C.§1988;
d) Court costs;
e) Prejudgment interest and post-judgment interest at the highest rate allowable under the law;
f) All other relief in equity or in law, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE LAW OFFICE OF MARK A. SAMPSON, P.C.**
605 West Oltorf Street
Austin, Texas 78704
512-320-8363 – Telephone
512-447-1475- Facsimile
Email(s): mark@markasampsonlaw.com
             marksampson605@yahoo.com

By:   /s/ Mark A. Sampson
        Mark A. Sampson
        State Bar No. 00786221
        ATTORNEY FOR PLAINTIFF